SWEET (GRAYDON v.). See Case No. 5,733.

## Case No. 13,689.

### SWEETSER v. HELMS et al.

[2 Ban. & A. 263; [1] 10 O. G. 4.]

Circuit Court, D Massachusetts. April 4, 1876.

PATENTS—INFRINGEMENT—COMBINATION—USE OF PART.

The patents of the complainant, alleged to be infringed, were for machines for polishing the edges of the heels and soles of boots and shoes, in which machines there was a combination of certain mechanism for holding the sole or heel or both to be polished, with the mechanism of the polishing-tool, so that the surface to be polished and the polishing-tool were brought into proper relations with each other. The defendants' machine dispensed with the shoe-holding mechanism, and used only the polishing-tool and its mechanism, the operator holding the surface to be polished in proper relations to the tool: *Held*, no infringement.

[Cited in Dodge v. Fearey, 8 Fed. 329.]

[This was a bill in equity by David H. Sweetser, trustee, against Charles H. Helms and others.]

Thomas L. Livermore, for complainant.
James E. Maynadier, for defendants.

SHEPLEY, Circuit Judge. The bill in this case charges infringements of three patents—one to Elias S. Ingalls, dated May 8, 1860 (No. 28,181), for "improvements in machines for burnishing the edge of the sole and heel of boots and shoes," one to Benjamin Q. Budding, dated August 18, 1863 (No. 39,546), for "improved heel-polishing machine," and one to Benjamin Q. Budding, dated May 3, 1864 (No. 42,555), for "improved machine for polishing the heels of boots and shoes." These patents all relate to a class of machines for polishing the edges of the heels and soles of boots and

shoes, in which there is a combination of certain mechanism for holding the sole or heel or both to be polished with the mechanism of the polishing-tool, under such conditions of mechanical combination that either the holding mechanism, with the material held, can be so moved as to bring the surface to be polished in proper relations to the polishing-tool, or the polishing tool can be so operated as to bring it into proper relations with the surface to be polished of the material held by the holding mechanism.

The Helms machine, alleged to be an infringement, differs from these machines in this essential feature. There is no attempt in the Helms machine to so combine a shoe-holding mechanism with the polishing-tool and its mechanism that the two will operate properly together. On the contrary, in the Helms machine the shoe-holding mechanism is dispensed with, and the operator puts the shoe into proper relations with the polishing-tool, and holds and keeps and guides it there, by and with his own muscular strength and will. There is no shoe-holding mechanism which is made to travel in a fixed path in relation to the polishing-tool, nor any polishing tool made to travel in any fixed path in combination with or in any relation to a shoe-holding mechanism.

This radical difference between the two classes of machines is fatal to the claim of infringement, and renders unnecessary a consideration of the other questions presented at the argument of the case. Bill dismissed.

[For another case involving this patent, see Dodge v. Feary, 8 Fed. 329.]